AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 1

RS/mc

# UNITED STATES DISTRICT COURT

Southern District of Mississippi

UNITED STATES OF AMERICA

v.

**JOSHUA BUDINICH**

)
)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  1:25cr66TBM-RPM-001

USM Number:  78097-511

Omodare B. Jupiter
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**F I L E D**
Mar 25 2026
ARTHUR JOHNSTON, CLERK

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Count 1 of the Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Images Depicting Minors Engaged in Sexually Explicit Conduct | 10/31/2024 | 1 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2  ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 10, 2026
Date of Imposition of Judgment

Signature of Judge

The Honorable Taylor B. McNeel, U.S. District Judge
Name and Title of Judge

March 25, 2026
Date

AO 245B (Rev. 11/25)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   9

DEFENDANT:   **JOSHUA BUDINICH**
CASE NUMBER:   1:25cr66TBM-RPM-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

one hundred and thirty-two (132) months as to Count 1 of the Indictment.

☑   The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed in a facility closest to his home for which he is eligible for purposes of facilitating family visitation. The Court further recommends that the defendant be allowed to participate in any drug treatment programs, mental health treatment programs, and sex offender treatment programs for which he is deemed eligible by the Bureau of Prisons.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____   ☐  a.m.   ☐  p.m.   on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___9___

DEFENDANT:    **JOSHUA BUDINICH**
CASE NUMBER:    1:25cr66TBM-RPM-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

thirty (30) years as to Count 1 of the Indictment.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 4 — Supervised Release

Judgment—Page ___4___ of ___9___

DEFENDANT: **JOSHUA BUDINICH**
CASE NUMBER: 1:25cr66TBM-RPM-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 5 — Supervised Release

Judgment—Page    5    of    9

DEFENDANT:  **JOSHUA BUDINICH**
CASE NUMBER:  1:25cr66TBM-RPM-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health assessment and outpatient treatment (or inpatient treatment if separately ordered or approved by the Court during the term of supervision) for any mental health diagnosis as directed by the probation office. The defendant shall contribute to the cost of treatment in accordance with the probation office co-payment policy.

2. The defendant shall participate in a program of testing and outpatient treatment (or inpatient treatment if separately ordered or approved by the Court during the term of supervised release) for drug and alcohol abuse as directed by the probation office. The defendant shall contribute to the cost of treatment in accordance with the probation office co-payment policy.

3. In the event that the defendant resides in, or visits, a jurisdiction where marijuana or marijuana products have been approved, legalized, or decriminalized, the defendant shall not possess, ingest, or otherwise use marijuana or marijuana products.

4. The defendant shall not possess, ingest, or otherwise use a synthetic narcotic or synthetic cannabinoid.

5. The defendant is prohibited from consuming alcohol during the term of supervised release unless it is approved by the probation officer or by the Court.

6. The defendant shall pay all criminal monetary penalties imposed by the Court, in accordance with the Schedule of Payments as outlined in the judgment order.

7. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office and unless the defendant is in compliance with the installment payment schedule.

8. The defendant shall provide the probation office with access to any requested financial information and must notify the Court of any changes in economic circumstances which may affect the ability to pay the imposed financial penalties.

9. At the direction of the U.S. Probation Officer, the defendant shall submit to polygraph examination(s) by a licensed polygraph examiner, as approved by the U.S. Probation Officer, and shall contribute to the costs of the examinations in accordance with the probation office co-payment policy. The defendant is only subject to polygraph examinations if there is reasonable suspicion by the probation officer that the defendant is being untruthful or has violated a condition of his supervision

10. The defendant must participate in a sex-offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program. The defendant shall contribute to the cost of treatment in accordance with the probation office co-payment policy.

11. The defendant is prohibited from possessing or using any internet-capable device or computer for personal/recreational purposes without the advance permission of the U.S. Probation Office. The defendant may use publicly available computers or internet capable devices, such as those found at public libraries, places of employment, schools, or job search centers, for legitimate and necessary business, financial, employment, educational, religious, medical, or treatment purposes only.

12. The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which he was convicted, if such jurisdiction is different from the jurisdiction of residence. The defendant shall abide by the residence restriction of the sex offender registration program in any state or area where he may reside.

13. The defendant must not have direct contact with any child he knows, or reasonably should know, to be under the age of 18, without the permission of the Court or the U.S. Probation Officer. If the defendant has direct contact with any child he knows, or reasonably should know, to be under the age of 18, without the permission of the Court or U.S. Probation Office, he must report this contact to the probation office within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

14. The defendant must not go to, or remain at, any place where he knows children under the age of 18 are likely to be and would make up the majority of the individuals present, including parks, schools, playgrounds, and childcare facilities, unless he has the permission of the probation officer.

15. The defendant is prohibited from contacting the victims in this case.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 4D — Probation

Judgment—Page   6   of   9

DEFENDANT:   **JOSHUA BUDINICH**
CASE NUMBER:   1:25cr66TBM-RPM-001

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

16. The defendant shall submit to a search, any time, with or without a warrant, and by any law enforcement or probation officer, of his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices, or media and effects, upon reasonable suspicion concerning a violation of a condition of supervised release, or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 6 — Criminal Monetary Penalties

Judgment — Page __7__ of __9__

DEFENDANT: **JOSHUA BUDINICH**
CASE NUMBER: 1:25cr66TBM-RPM-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 30,000.00 | $ | $ 3,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Restore the Child, PLLC<br>In Trust For "April"<br>2522 N. Proctor St., Suite 85<br>Tacoma, WA 98406 | $3,000.00 | $3,000.00 | |
| Carol L. Hepburn<br>In Trust For "Maria"<br>P.O. Box 17718<br>Seattle, WA 98127 | $3,000.00 | $3,000.00 | |
| Baker ad Hostetler, LLP<br>In Trust For "Audrey"<br>1170 Peachtree Street NE, Suite 2400<br>Atlanta, GA 30309 | $3,000.00 | $3,000.00 | |
| OnderLaw, LLC<br>In Trust For "Layla"<br>110 Lockwood Avenue<br>St. Louis, MO 63119 | $3,000.00 | $3,000.00 | |
| **TOTALS** | $ 30,000.00 | $ 30,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page ___8___ of ___9___

DEFENDANT: **JOSHUA BUDINICH**
CASE NUMBER: 1:25cr66TBM-RPM-001

## ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Marsh Law Firm, PLLC<br>Attn: Jenny<br>P.O. Box 4668 #65135<br>New York, NY  10163-4668 | $3,000.00 | $3,000.00 | |
| Restore the Child<br>In Trust for "Alex"<br>2522 N. Proctor St., Suite 85<br>Tacoma, WA  98406 | $3,000.00 | $3,000.00 | |
| Jones Day<br>Megan Benka on behalf of "SV"<br>110 North Wacker Dr., Suite 4800<br>Chicago, IL  60606 | $3,000.00 | $3,000.00 | |
| Deborah A. Bianco<br>In Trust For "Pia"<br>P.O. Box 6503<br>Bellevue, WA  98008 | $3,000.00 | $3,000.00 | |
| Carol L. Hepburn<br>In Trust for "Sloane"<br>P.O. Box 17718<br>Seattle, WA  98127 | $3,000.00 | $3,000.00 | |
| Carol L. Hepburn<br>In Trust for "Lily"<br>P.O. Box 17718<br>Seattle, WA  98127 | $3,000.00 | $3,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 7 — Schedule of Payments

Judgment — Page  9  of  9

DEFENDANT:  **JOSHUA BUDINICH**
CASE NUMBER:  1:25cr66TBM-RPM-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☑ D, or  ☑ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☑  Payment in equal ___monthly___ *(e.g., weekly, monthly, quarterly)* installments of  $ _200.00_ over a period of
_360 months_ *(e.g., months or years)*, to commence _30 days_ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

Payment on the Restitution and any other criminal monetary penalties shall begin while the defendant is incarcerated. In the event
that the criminal monetary penalties are not paid in full prior to the termination of supervised release, the defendant is ordered to
enter into a written agreement with the Financial Litigation Program of the U.S. Attorney's Office for payment of the remaining
balance. Additionally, the value of any future discovered assets may be applied to offset the balance of criminal monetary penalties.
The defendant may be included in the Treasury Offset Program, allowing qualified federal benefits to be applied to offset the
balance of the remaining balance.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.